✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
FEB -1 2010
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6698

***UNITED STATES DISTRICT COURT***

***DISTRICT OF NEVADA***

***-oOo-***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>vs<br>ANDREW CARSON IRVINE,<br>Defendant. | ) | 2:08-cr-00340-RCJ-LRL<br>**PLEA MEMORANDUM** |

The United States, by and through Daniel G. Bogden, United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, Andrew Carson Irvine ("defendant") and defendant's attorney, William C. Carrico, submit this plea memorandum.

**I.**

**PLEA AGREEMENT**

The United States and defendant have reached the following plea agreement, which is not binding on the court:

**A. The Plea**

Defendant will plead guilty to count two of the indictment, charging Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2); and count four of the indictment, charging Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b). The defendant also admits to the forfeiture allegation in the indictment. At the time of

sentencing, the United States agrees to move to dismiss the remaining counts of the indictment as against defendant.

**B. Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C. Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1. For Count Two, Receipt of Child Pornography, the Base Offense Level is 22. (U.S.S.G. § 2G2.2(a)(2);

a. A 2 level downward adjustment applies because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of children and the defendant did not intend to traffic in, or distribute, such material. (U.S.S.G. § 2G2.2(b)(1));

b. A 2 level upward adjustment applies because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. (U.S.S.G. § 2G2.2(b)(2));

c. A 5 level upward adjustment applies because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (U.S.S.G. § 2G2.2(b)(5));

d. A 2 level upward adjustment applies because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material. (U.S.S.G. § 2G2.2(b)(6)); and

e. A 3 level upward adjustment applies because the offense involved more than 150 images, but fewer than 300. (U.S.S.G. § 2G2.2(b)(7)(B))

2. For Count Four, Coercion and Enticement, the Base Offense Level is 28. (U.S.S.G. § 2G1.3(a)(3);

a. A 2 level upward adjustment applies because the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct. (U.S.S.G. § 2G1.3(b)(3))

3. Multiple Count Adjustment (U.S.S.G. § 3D1.4)

a. The Adjusted Offense Level for Group 1 (Count Two) is 32, which counts as 1 Unit. (U.S.S.G. § 3D1.4(a));

b. The Adjusted Offense Level for Group 2 (Count Four) is 30, which counts as 1 Unit. (U.S.S.G. § 3D1.4(a));

c. The total number of Units is 2. (U.S.S.G. § 3D1.4(a));

d. The Greater Adjusted Offense Level is 32;

e. The increase in Offense Level is 2. (U.S.S.G. § 3D1.4(a)); and

f. The Combined Adjusted Offense Level is 34. (U.S.S.G. § 3D1.4)

4. Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

5. Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and

the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

6. Defendant's Criminal History Category will be determined by the Court.

**D. <u>Other Sentencing Matters</u>**

1. The defendant will seek neither a downward departure pursuant to U.S.S.G. 5K1.1 nor a downward adjustment pursuant to 18 U.S.C. 3553 from any sentence that may be imposed within the applicable sentencing range.

2. The parties will jointly recommend that this Court sentence defendant to the mandatory minimum sentence of 10 years imprisonment, with lifetime supervised release to follow, unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant understands that he can not and will not receive a sentence that is lower than ten years.

3. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

. . . .

4. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, the parties' recommendation will not change, and defendant will not withdraw defendant's plea of guilty.

5. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E. <u>Fines and Special Assessment</u>**

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**F. <u>Forfeiture</u>**

1. Defendant agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the a) computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the discs and hard drives on which they are maintained; b) a Dell Dimension computer tower, Serial Number DT79Y81; and c) a web camera, Serial Number unknown ("property").

2. Defendant knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

3. Defendant knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

4. Defendant knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

5. Defendant knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

6. Defendant knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

7. Defendant knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

8. Defendant knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7(c)(2), 32.2(a), and 32.2(b)(3), and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

9. Defendant knowingly and voluntarily agrees to waive his right to a jury trial on the forfeiture of the property.

10. Defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

11. Defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

12. Defendant knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

**G. Restitution**

Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court. In return for defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

**H. Waiver of Appeal**

1. In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court unless the mandatory minimum sentence falls below the applicable Sentencing Guideline range, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the Court, although defendant does not reserve the right to appeal a mandatory minimum sentence, even if that sentence falls below the applicable sentencing guideline range.

. . . .

. . . .

2. Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculations in section C are consistent with the facts of this case.

**I. Additional Promises, Agreements, and Conditions**

1. In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

**J. Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

. . . .

. . . .

II.

PENALTY

1. The penalty for violating Title 18, United States Code, Section 2252A(a)(2) is not less than five (5) years imprisonment and not more than twenty (20) years imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2. The penalty for violating Title 18, United States Code, Section 2422(b) is not less than ten (10) years imprisonment and not more than life imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

3. Defendant is subject to supervised release for any term of years including life.

4. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

6. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

## III.

## ELEMENTS

The essential elements for the crime of Receipt of Child Pornography, Title 18, United States Code, Section 2252A(a)(2), are the following:

1. Defendant knowingly received;
2. Any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or
3. Any material that contains child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer.

The essential elements for the crime of Coercion and Enticement, Title 18, United States Code, Section 2422(b), are the following:

1. The defendant, using the mail or any facility or means of interstate or foreign commerce;
2. Knowingly persuaded, induced, enticed, or coerced;
3. Any individual who has not attained the age of 18 years;
4. To engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. Defendant is pleading guilty because defendant is guilty of the charged offense.

2. In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3. Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. Between November 2, 2006 and February 4, 2008, defendant, using the Yahoo screen name of drew_carson2003, engaged in sexually graphic Internet communications with a person whom he believed was a 13-year old female. During these online conversations, defendant spoke in graphic sexual terms about the sexual acts that he wanted to engage in with the 13-year old girl. Yahoo! Online instant messaging and email communications travel through Yahoo's servers in the state of California before traveling to and from the parties' computers who are involved in online communications.

5. On February 27, 2008, United States Postal Service agents executed a controlled delivery of a package to defendant. Inside the package was a CD that defendant believed contained child pornography images of a girl from whom he solicited them. In fact, the disc contained no child pornography. Immediately after the disc was delivered, agents executed a search warrant at Irvine's residence. The package that had been delivered to him was open on the computer table, and the disc was in his computer when agents entered.

6. Defendant agreed to speak to agents and admitted that he is the primary user of the computer. Defendant admitted to receiving a package from a friend in Missouri before the search warrant was executed. He said he put it in his computer, but nothing came up. He said the friend's name was Jenny, and the disc was supposed to contain nude photographs of her. Defendant admitted that Jenny was 13 or 14 years old, and that some of the conversations he had with her about sexual activities were graphic and detailed. Defendant admitted to asking Jenny to take the photos of herself and send them to him. Defendant stated that he has a sexual interest in kids. He admitted talking to the 13-year old girl referenced above in a sexually explicit manner. He said he never met up with her because things came up when it was time to meet up with her. When asked if he would have had sex with this girl if he met her, Irvine said, "probably, if she was willing."

7. A forensic analysis of defendant's computer found between 150 and 300 child pornography images, including depictions of prepubescent minors or minors under the age of 12. The child pornography was not produced in Nevada.

V.

**ACKNOWLEDGMENT**

1. Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States. Specifically, defendant is giving up:

a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b. The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

c. The right to remain silent at such trial, with such silence not to be used against defendant in any way;

d. The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

e. The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and,

f. The right to have the assistance of an attorney at all stages of such proceedings.

. . . .

3. Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

1/29/2010
DATED

NANCY J. KOPPE
Assistant United States Attorney

1/28/2010
DATED

ANDREW CARSON IRVINE, Defendant

1-28-2010
DATED

WILLIAM C. CARRICO
Counsel for Defendant

RECEIVED
U.S. ATTORNEY'S OFFICE

LAS VEGAS, NEVADA