# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANDREW CARSON IRVINE,

        Defendant.

Case No.: 2:08-cr-00340-GMN-DJA

**ORDER**

Pending before the Court is Defendant Andrew Carson Irvine's ("Defendant's") Motion for Writ of Error Coram Nobis, (ECF No. 79). The Government filed a Response, (ECF No. 80), and Defendant filed a Reply, (ECF No. 81). For the reasons discussed below, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On February 1, 2010, Defendant pleaded guilty to Counts Two and Four of the Indictment, charging Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Coercion and Enticement in violation of 18 U.S.C. § 2422(b). (Plea Mem., ECF No. 24); (Mins. Proceedings, ECF No. 23). The Court sentenced Defendant to 121-months custody for Count 2 and 121-months custody for Count 4, to run concurrently, with lifetime supervised release. (J., ECF No. 30). Defendant did not file a direct appeal after Judgment. However, roughly nine years later, Defendant filed the pending Motion for Writ of Error Coram Nobis. (Mot. Writ, ECF No. 79) (filed on July 5, 2019).

## II. LEGAL STANDARD

"The writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable."

*United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015). To warrant coram nobis relief, a defendant "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of fundamental character." *Matus–Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

## III. DISCUSSION

Defendant moves for coram nobis relief based on seven identified issues with the Government's prosecution of him. (Mot. Writ at 11–29). These issues, however, arise from the same basis: the federal government "did not have any jurisdiction" over him because the crime did not occur on federal lands ("i.e. Washington, D.C., territories, possessions [by the federal government], and ceded lands inside a State of the Union"). (*Id.* at 8–9, 11–19). Without criminal actions occurring on land controlled by the federal government, according to Defendant, the federal government had no jurisdiction to bring the Indictment against him in this Court. (*Id.*). Defendant's seven issues outlined in his Motion discuss how each step of his criminal case purportedly occurred in error and without legal authority. (*Id.* at 11–18) (discussing, for example, how the Indictment, plea agreement, and judgment are erroneous because "there was no jurisdiction clause or statement on the indictment . . . of where the violation occurred"); (*id.* at 19) ("Since the alleged offense was not proved to be on federal land or at a location that the United States has proven that they have jurisdiction over there was no offense. . . .").

In Response, the Government asserts several reasons to deny Defendant's Motion. First, the Government contends that Defendant waived this type of a challenge to his conviction when he accepted the plea agreement. (Resp. 2:11–15). Next, the Government adds that Defendant's requested relief is untimely because he provided no basis for the nine years of delay after conviction. (*Id.* 2:15–18). The Government last argues that Defendant's Motion

fails on its merits under Ninth Circuit authority. (*Id.* 2:19–3:22). The below discussion addresses each of the Government's reasons for denial in turn.

**A. Waiver**

Defendant's plea agreement waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (Plea Mem. 7:17–20, ECF No. 24). Generally, courts will enforce a defendant's waiver of potential post-judgment challenges if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir. 1998)).

Here, Defendant's Motion for a writ of error coram nobis is a form of collateral attack on his sentence. *See, e.g.*, *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). His plea agreement thus bars the instant request for relief.[1] *See, e.g.*, *United States v. Brabson*, 687 F. App'x 572, 573 (9th Cir. 2017); *United States v. Connor*, No. 2:11-cr-00177-RLH-CWH, 2016 WL 4697341, at *2 (D. Nev. Sept. 6, 2016) (finding that, through his plea agreement, the defendant waived collateral challenges brought under Federal Rule of Criminal Procedure 52(a) and for a writ of error coram nobis, though the waiver did not apply to non-waivable claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255).

**B. Timeliness**

Regardless of issues waived in the plea agreement, Defendant's justification for bringing this challenge nine years after his conviction is that he submitted the motion "once he received

---

[1] Defendant does not claim that his plea was made involuntarily or without knowledge of critical facts and elements of his conviction. He, instead, claims "the plea agreement is void due to the fact that the indictment was invalid because the court had no jurisdiction and the government had no valid standing." (Reply at 2, ECF No. 81).

the information and a copy of the indictment." (Reply at 2). But this is an insufficient justification. Defendant had access to all critical documents since proceedings began—and especially before he pleaded guilty. The Court accordingly finds that, even if Defendant had not waived his ability to bring this collateral challenge, the current Motion is untimely. *See United States v. Riedl*, 496 F.3d 1003, 1007 (9th Cir. 2007) (finding a coram nobis petition untimely when the petitioner asserted no valid reasons for the 20-month delay).

**C. Merits of the Request for Relief**

For purposes of finality, the Court last turns to the merits of Defendant's Motion. Throughout the seven issues raised regarding his conviction, Defendant's central argument is that the Constitution "clearly limites (sic) the exclusive legislation to the lands owned and ceded to the United States." (Reply at 3, ECF No. 81); (*see generally* Mot. Writ, ECF No. 79). He accordingly contends that he cannot be convicted as charged under 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2422(b) since the Government never alleged nor proved that the violations giving rise to this case occurred on federal land or in the concurrent territorial jurisdiction of the United States.

Courts have consistently rejected similar arguments as Defendant's. Congress, through its constitutional power under the Constitution, enacted 18 U.S.C. § 3231 to give "[t]he district courts of the United States . . . original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see, e.g.*, *United States v. Merry*, 225 F.3d 665 (9th Cir. 2000) (rejecting arguments that the federal government exceeded its jurisdictional authority because the defendant is a citizen of the state of Washington since, "regardless of where [the defendant] was presented with notice of violation, the district court has jurisdiction over all offenses against the United States."); *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992), *abrogated on other grounds by Koon v. United States*, 518 U.S. 81 (1996) ("Federal courts have exclusive jurisdiction of offenses against the laws of the United

States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise of that jurisdiction."). The Indictment and plea agreement specifically described how Defendant's conduct violated each element of the applicable federal statutes and how that conduct occurred in the District of Nevada. (Plea Mem., ECF No, 24); (J., ECF No. 30). The Court accordingly had jurisdiction to both hear this case and impose the Judgment against Defendant after he pleaded guilty. *United States v. Ernst*, 857 F. Supp. 2d 1098, 1105 (D. Or. 2012), *aff'd*, 623 F. App'x 333 (9th Cir. 2015) ("Regardless of whether the defendant violated the laws of nature, he is accused of violating the laws of the United States and is therefore subject to this Court's subject matter jurisdiction.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Writ of Error Coram Nobis, (ECF No. 79), is **DENIED**.

**DATED** this __4__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court